UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
J.L., a minor child, by his father and                        6:09-CV-943 (DNH) SEALED
natural guardian, ROBERT SULLIVAN,

                                       *Plaintiff,*           **Consent Order**

                                     - against -

MOHAWK CENTRAL SCHOOL DISTRICT;
JOYCE CAPUTO, Superintendent of Mohawk Central
School District; EDWARD RINALDO,
Principal of Gregory B. Jarvis Junior/Senior High
School; CYNTHIA STOCKER, Equal Opportunity
Compliance Officer,



U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG 27 2009

LAWRENCE K. BAERMAN, Clerk
UTICA

                                         *Defendants.*
-----------------------------------------------------------X

## CONSENT ORDER REGARDING PRELIMINARY RELIEF

       WHEREAS the Plaintiff, a student in Mohawk Central School District, filed this action on August 18, 2009, alleging claims under the Equal Protection Clause, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, and state law;

       WHEREAS Defendants deny liability arising from the Plaintiff's allegations;

       WHEREAS the Court issued an Order on August 19, 2009, granting the Plaintiff's request for expedited discovery and a schedule for briefing an anticipated Motion for Preliminary Injunction, which was to be filed on August 28, 2009; and

       WHEREAS the Parties wish to resolve matters relating to the Plaintiff's claim for preliminary injunctive relief in a manner that serves the best interests of the student Plaintiff and District operations, without need for conducting expedited discovery and filing a motion for preliminary relief, and without prejudice to the Plaintiff's remaining claims for permanent injunctive relief, damages, and other relief as set forth in the Complaint or to any defenses to those claims;

       IT IS HEREBY AGREED AND ORDERED that:

       1.     Defendants shall designate Mr. Martin Gertz, guidance counselor at the Jarvis Junior/Senior High School ("Jarvis High"), as the person to whom Plaintiff J.L. should report any instances of perceived or alleged harassment that occur at Jarvis High or at school-sponsored events, programs or activities. Mr. Gertz shall

forward any such complaints of harassment to the Principal of Jarvis High and the Superintendant of the Mohawk School District. The Principal and/or Superintendant shall address any such complaints according to the procedures set forth in Defendant's Policy 7531 entitled "Sexual Harassment of Students."

2. Defendants shall provide Plaintiff J.L. with a hall pass that may be kept on his person at all times permitting him to utilize the nurse's office at Jarvis High as a "safe room" to which he may retreat during school hours if he feels threatened or endangered by other students. Plaintiff J.L. shall also be permitted to use the restroom in the nurse's office during school hours.

3. Defendants shall appoint an adult staff member who will be responsible for chaperoning Plaintiff J.L. on school grounds before and after school, between classes, in Plaintiff's chorus class, and during lunchtime. This chaperone shall be informed of the terms of this Order and Defendant's Policy 7531 entitled "Sexual Harassment of Students." This chaperone shall perform these duties for a minimum of two weeks from the start of the 2009-2010 term, after which time the Parties shall confer and endeavor to agree as to the continued necessity of the measures described in this paragraph.

4. After the termination of the duties of the chaperone described in paragraph 3, Defendants shall permit Plaintiff J.L. to utilize his cellular phone on school grounds and during school hours to contact adult members of his family in any situation in which the Plaintiff feels threatened or endangered as a result of bullying or harassment. Plaintiff shall not otherwise be permitted any exemption from Jarvis High's cell phone policy.

5. Defendants shall ensure that three students at Jarvis High, known to the Parties by the initials A.M., J.H. and Z.Z., shall not share classes with the Plaintiff J.L., with the exception of chorus class. The Plaintiff also acknowledges that he may share lunch period with the aforementioned students.

6. Defendant shall direct all teachers and staff with direct responsibility for supervising Plaintiff J.L., including the Plaintiff's classroom teachers, lunch-time monitors and Jarvis High administrators, to promptly report to the Jarvis High Principal any incidents of student conflict, harassment and/or bullying involving Plaintiff J.L. that they witness or become aware of. Said teachers and staff shall be informed of the terms of this Order and Defendant's Policy 7531 entitled "Sexual Harassment of Students."

7. Counsel for Plaintiff J.L. will inform Plaintiff J.L's father, Robert Sullivan, that all reports and/or incidents of harassment of Plaintiff J.L. that come to his attention should be promptly communicated to the Principal of Jarvis High.

8. Pursuant to the Court's sealing order of August 19, 2009, the terms of this Consent Order are confidential.

2

Dated: New York, NY
August 26, 2009

*signature*
Corcy Stoughton (Bar Roll No. 513810)
Arthur Eisenberg (Bar Roll No. 101576)
Ami Sanghvi (Bar Roll No. 602907)
Matthew Faiella (Bar Roll No. 602905)
Naomi R. Shatz (Bar Roll No. 602906)
*Attorneys for Plaintiff*
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
Fax: (212) 607-3326

*signature*
Eric J. Wilson (Bar Roll No. 505455)
Miles Lawlor (Bar Roll No. 506615)
Ferrara, Fiorenza, Larrison, Barrett
& Reitz
5010 Campuswood Dr.
East Syracuse, New York 13057
Tel: (315) 437-7600
Fax: (315) 437-7744
*Attorneys for Defendants*

SO ORDERED

Dated: August 27, 2009

*signature*    Utica, N.Y.
The Hon. David N. Hurd
United States District Court Judge

3