UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
J.L., a minor child, by his father and
natural guardian, ROBERT SULLIVAN,

          09 Cv. 943 (DNH) (ECF CASE)

                      *Plaintiff*,

          ANSWER TO AMENDED
          COMPLAINT

              - against -

MOHAWK CENTRAL SCHOOL DISTRICT;
JOYCE CAPUTO, Superintendent of Mohawk Central
School District; EDWARD RINALDO,
Principal of Gregory B. Jarvis Junior/Senior High
School; CYNTHIA STOCKER, Equal Opportunity
Compliance Officer,

                      *Defendants*.
----------------------------------------------------------------X

      The Defendants, Mohawk Central School District, Joyce Caputo, Edward Rinaldo, and Cynthia Stocker, by and through their attorneys, the Law Firm of Frank W. Miller, as and for their Answer to the Amended Complaint, allege:

      1. Defendants deny paragraphs numbered "1", "2", "3", "4", "5", "6", "11", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "54", "55", "56", "57", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "74", "75", "76", "78", "80", "81", "83", "84", "85", and "87", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

      2. Defendants deny so much of paragraph thereof numbered "7", as alleges that the

1

Plaintiff has a valid or meritorious cause of action against the Defendants, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

3. Defendants deny so much of paragraphs thereof numbered "10", and "12", as alleges there is any basis for an action, claim or suit against the Defendants Caputo, Rinaldo and Stocker, and to the extent those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

4. Defendants deny so much of paragraph thereof numbered "53", as alleges that any action of the Defendants caused or required the Plaintiff to miss time from school, as alleged therein, and to the extent those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thereof numbered "58", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

6. Defendants deny so much of paragraphs thereof numbered "71", "72", "73", and "77" as alleges that the Defendants failed to take necessary and appropriate remedial measures or actions pursuant to their own policies, and to the extent those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

7. Defendants deny so much of paragraph thereof numbered "79", as alleges that the Defendants did not comply with the requirements of their own policy, and to the extent those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

8. Defendants deny so much of paragraph thereof numbered "82", as alleges that the

Defendants did not comply with their own policies, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

9. Defendants deny so much of paragraph thereof numbered "86", as alleges that the Defendants acted as alleged in the complaint and deny that the Plaintiff's legal conclusions which depend on contested factual allegations, are accurate and proper.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE FIRST CLAIM FOR RELIEF:

10. The Defendants deny the allegations in paragraph thereof numbered "1", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE SECOND CAUSE OF ACTION, IT IS ALLEGED:

11. The Defendants deny the allegations contained in paragraph thereof numbered "2", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE THIRD CAUSE OF ACTION, IT IS ALLEGED:

12. The Defendants deny the allegations contained in paragraphs thereof numbered "3", and "4", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' ANSWER TO THE FOURTH CAUSE OF ACTION, IT IS ALLEGED:

13. The Defendants deny the allegations contained in paragraphs thereof numbered "5", and "6", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

## AS AND FOR THE DEFENDANTS' ANSWER TO THE FIFTH CAUSE OF ACTION, IT IS ALLEGED:

14. The Defendants deny the allegations contained in paragraphs thereof numbered "7", "8", and "9", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

15. The Defendants deny so much of paragraph thereof numbered "10", as alleges that the notice of claim that was served states a valid claim against the Defendants, and further asserts that said notice of claim was not properly served, and that the Plaintiffs did not await the appropriate statutory waiting period prior to commencing suit, and that the notice of claim is otherwise invalid, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

## AS AND FOR THE DEFENDANTS' ANSWER TO THE SIXTH CAUSE OF ACTION, IT IS ALLEGED:

16. The Defendants deny paragraph thereof numbered "11".

17. The Defendants deny the allegations contained in paragraphs thereof numbered "12", "13", and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

18. The Defendants deny so much of paragraph thereof numbered "14", as alleges that the Plaintiff's notice of claim stated a valid or meritorious claim against the Defendants, and further assert that the notice of claim was not properly served, and further assert that the Plaintiff did not await the required statutory waiting period prior to commencing suit, and otherwise failed to comply with the obligations of Education Law § 3813 and General Municipal Law § 50-e, and that otherwise the notice of claim is invalid and without merit, and to the extent that those allegations are repeated or realleged, the Defendants answer those allegations in like manner.

### AS AND FOR THE DEFENDANTS' FIRST AFFIRMATIVE DEFENSE, IT IS ALLEGED:

19. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR THE DEFENDANTS' SECOND AFFIRMATIVE DEFENSE, IT IS ALLEGED:

20. Whatever injuries or damages the Plaintiff may have sustained, those injuries or damages were caused in whole or in part by the culpable conduct, fault, and want of care on the part of the Plaintiff, and not through any negligence, fault, or want of care on the part of the Defendants.

### AS AND FOR THE DEFENDANTS' THIRD AFFIRMATIVE DEFENSE, IT IS ALLEGED:

21. The Plaintiff has failed to mitigate damages.

### AS AND FOR THE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE, IT IS ALLEGED:

22. The amount of any damages claimed by the Plaintiff must be offset by the provisions of CPLR § 4545.

### AS AND FOR THE DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE, IT IS ALLEGED:

23. The individual Defendants named herein have at all times proceeded in good faith, and in full keeping with their statutory or legal obligations as they then may have existed as of the time of the claims asserted herein.

### AS AND FOR THE DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE, IT IS ALLEGED:

24. The individual Defendants herein are shielded and immunized from suit by the defense of "qualified good faith immunity".

## AS AND FOR THE DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE, IT IS ALLEGED:

25. The Plaintiff herein has failed to utilize an available complaint procedure existing at the Defendants' school district, and the Plaintiff's claims are barred thereby.

## AS AND FOR THE DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE, IT IS ALLEGED:

26. The claims asserted herein are barred by the failure of the Plaintiff to file a proper notice of claim and/or otherwise failing to properly commence the proceeding in accordance with the provisions of General Municipal Law § 50-e and General Municipal Law § 50-i, and the Plaintiff's state law claims must therefore be dismissed.

## AS AND FOR THE DEFENDANTS' NINTH AFFIRMATIVE DEFENSE, IT IS ALLEGED:

27. The Court is without jurisdiction over the state law claims asserted against the Defendants due to the failure of the Plaintiff to file a timely and proper notice of claim.

**WHEREFORE**, the Defendants demand that the complaint, as to them, be dismissed, upon the merits, together with such other and further relief as to this Court seems just and proper.

Dated: September 21, 2009
East Syracuse, New York

Respectfully submitted,

The Law Firm of Frank W. Miller

By: _____
Charles E. Symons, Esq.
**Bar Roll No.: 102203**
*Attorneys for Defendants*
*Mohawk Central School District, et. al.*
Office and Post Office Address:
6575 Kirkville Road
East Syracuse, New York 13057
Telephone: 315 / 234-9900
Facsimile: 315 / 234-9908

csymons@fwmillerlawfirm.com

TO:    Clerk
U. S. District Court
Northern District of New York
*Via Facsimile Only: 315 / 793-8034*

Corey Stoughton
Ami Sanghvi
Matthew Faiella
Naomi R. Shatz
Arthur Eisenberg
Chris Dunn
*Attorneys for Plaintiff*
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 19th Floor
New York, N.Y. 10004
*Via Facsimile Only: 212 / 607-3326*