IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.L., a minor child, by his father and natural guardian, ROBERT SULLIVAN )<br><br>Plaintiff, )<br><br>and )<br><br>UNITED STATES OF AMERICA, )<br><br>Plaintiff-Intervenor )<br><br>v. )<br><br>MOHAWK CENTRAL SCHOOL DISTRICT, et. al. )<br><br>Defendants. ) | 6:09 Cv. 943 (DNH) (ECF CASE)<br><br>**JURY DEMAND**<br><br>**JUDGE HURD**<br>**MAGISTRATE JUDGE PEEBLES** |

### MEMORANDUM OF LAW IN SUPPORT OF
### THE UNITED STATES' MOTION TO INTERVENE

### PRELIMINARY STATEMENT

The United States of America ("United States") respectfully submits this memorandum of law in support of its motion to intervene in the action entitled *J.L. v. Mohawk Central School District, et al.*, 6:09 Cv. 943 (N.D.N.Y.). The United States seeks to intervene in this case pursuant to Federal Rules of Civil Procedure 24(a) and 24(b), and Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2. For the reasons set forth below, the United States satisfies the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a)(1). In the alternative, the United States satisfies the requirements for intervention as of right under Federal

Rule of Civil Procedure 24(a)(2) and permissive intervention under Rule 24(b). Accordingly, we respectfully request that the Court grant the United States' motion to intervene.

## PROCEDURAL HISTORY

On August 18, 2009, J.L., a minor, by his father, Robert Sullivan, filed suit against the District and school district officials, including Superintendent Joyce Caputo, former Principal of Gregory B. Jarvis Jr./Sr. High School ("Jarvis"), Edward Rinaldo, and the District's Title IX Compliance Officer, Cynthia Stocker, alleging that the Defendants discriminated against Plaintiff based on sex due to their failure to take appropriate action in response to known incidents of persistent and derogatory name-calling, threats, physical assaults, and harassment of a sexual nature. Plaintiff pled violations of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Title IX of the Education Amendments of 1972 ("Title IX"), one count of negligent supervision, and violations of several provisions of New York Human Rights Laws. On September 10, 2009, Plaintiff filed an amended complaint to perfect his state law claims. The Court's October 9, 2009 Pretrial Scheduling Order provides that discovery closes April 30, 2010 and dispositive motions are not due until June 30, 2010. To date, the parties have engaged in settlement negotiations and very limited discovery.

On November 6, 2009, the United States requested that the District provide information related to the allegations in the complaint. On December 8-9, 2009, the United States conducted interviews of Principal Rinaldo, Principal Speich (current principal), Superintendent Caputo, Ms. Stocker, and several teachers and aides at Jarvis. Since that time, J.L. has withdrawn from the District and now attends high school in a neighboring district. Based on the information it gathered, the United States determined that the District had violated the Equal Protection Clause

and Title IX. On January 7, 2010, the Assistant Attorney General, pursuant to 42 U.S.C. § 2000h-2, authorized intervention by certifying that this is a case of general public importance.

## FACTUAL ALLEGATIONS

As stated in the attached complaint-in-intervention, J.L. is a fourteen year old male whose gender expression does not conform to male stereotypes. J.L. dyes his hair, wears make-up and nail polish, and engages in physical expressions that are stereotypically female, *e.g.*, swinging his hips and singing in a high pitched voice. Throughout the 2007-08 school year, when J.L. was in seventh grade, students at Jarvis subjected J.L. to verbal sex-based harassment on a regular basis based on J.L.'s failure to conform to gender stereotypes. Throughout the 2008-09 school year, when J.L. was in the eighth grade, students at Jarvis continued to harass J.L. based on the perception that J.L. did not look or act like other boys. Students at Jarvis persisted in verbally harassing J.L. on a daily basis. J.L. also was threatened, intimidated, and physically assaulted based on his non-masculine expression. From the start of the 2009-10 school year through December 2009, the fall of J.L.'s ninth grade year, students continued to verbally and physically harass J.L., including harassment of a sexual nature.

District officials with the authority to address the harassment, including Principal Rinaldo and Principal Speich, were informed by J.L.'s father of the repeated incidents of harassment. Despite the District's knowledge of harassment based on sex against J.L., it was deliberately indifferent, resulting in increasingly severe and pervasive harassment of J.L. during his time at Jarvis. In almost all of the numerous complaints to the principals, the District failed to investigate, or conducted incomplete investigations of the allegations. The District's deliberate indifference prevented Plaintiff from enjoying the educational benefits and opportunities provided by the District. Over the two and a half year period of harassment, J.L.'s grades

suffered, he experienced significant absences from school, he received detention for failing to participate in gym class, he stayed home from school the last two weeks of eighth grade because he did not feel safe, he attended summer school because he was in danger of failing eighth grade, and he dropped out of his favorite course, choir, to avoid one of his harassers.  J.L. is no longer enrolled at Jarvis.

## ARGUMENT

Rule 24(a) of the Federal Rules of Civil Procedure sets out the standards by which parties may intervene as of right.  *See* Fed. R. Civ. P. 24(a).  Rule 24(a) articulates two ways in which a party may intervene as of right:

> On timely motion, the court must permit anyone to intervene who:  (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  The United States should be granted leave to intervene under Rule 24(a)(1) as Title IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000h-2, grants the United States authority to intervene to seek relief from denials of equal protection if the matter is certified as of general public importance.  In the alternative, the United States also meets the standards for intervention as of right under Rule 24(a)(2) and permissive intervention under Rule 24(b).

**I.     The United States Satisfies the Requirements for Intervention as of Right Under FRCP 24(a)(1)**

A statute of the United States confers an unconditional right for the United States to intervene in this action.  Under 42 U.S.C. § 2000h-2:

> Whenever an action has been commenced in any court of the United States seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution on account of race, color, religion, sex or national origin, the Attorney General for or in the name of the United States may intervene in such action upon timely application if the Attorney General certifies that the case is of general public importance.  In such action the United States shall be entitled to the same relief as if it had instituted the action.

42 U.S.C § 2000h-2; *see also* Fed. R. Civ. P 24(a)(1) (codifying that "the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute). This statutory language unambiguously establishes the right of the United States to intervene in this case, in which Plaintiff has alleged a "denial of equal protection of the laws under the fourteenth amendment." *See Pasadena City Bd. of Educ. v. Spangler*, 427 U.S. 424, 431 (1976); *Smith v. Board of Educ. of Morrilton Sch. Dist.*, 365 F.2d 770 (8th Cir. 1966); *see also* 7C Wright, Miller & Kane, *Federal Practice & Procedure* § 1906 at 244 (2d ed. 1986) (United States has unconditional right to intervene under § 2000h-2).   The Assistant Attorney General has certified this case as one of general public importance.  *See* Exhibit A.  The United States' motion to intervene also is timely as the parties have engaged in minimal discovery, no depositions have been conducted, and the deadline for dispositive motions is June 30, 2010.  For a fuller discussion of timelines, *see infra* at II.A.

Under 42 U.S.C. § 2000h-2, the United States is entitled to seek "the same relief as if it had instituted the action."  42 U.S.C. § 2000h-2.  This statute therefore provides authority for the United States to intervene as of right and prosecute this case under both the Equal Protection

5

Clause and Title IX because the United States would have sought relief under both statutes if it had instituted the action.

## II. The United States Satisfies the Requirements for Intervention as of Right Under FRCP 24(a)(2)

In addition to the United States' right to intervene under the statutory authority of § 2000h-2 pursuant to Rule 24(a)(1), the United States also is entitled to intervene in this lawsuit as of right under Rule 24(a)(2). Rule 24(a)(2) provides that a court must permit a party to intervene if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24 has been interpreted broadly to entitle the United States to intervene "in the maintenance of its statutory authority and the performance of its public duties[.]" *SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 460 (1940). Here, the United States has a strong interest in ensuring that recipients of federal funds, such as the District, do not discriminate on the basis of sex in violation of the Equal Protection Clause and Title IX. It has a further interest in ensuring that federal funds are not disbursed to entities that fail to comply with federal anti-discrimination laws.

This Circuit has developed a four-pronged test for determining whether a party may intervene as of right under Rule 24(a)(2). The party must (1) file a timely motion; (2) demonstrate an interest related to the subject matter of the litigation; (3) establish that its interest may be impaired by the disposition of the action absent intervention; and (4) show that its interest is not adequately protected by the parties to the action. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.

1994); *see also Hoblock v. Albany County Bd. of Elections*, 233 F.R.D. 95, 97 (N.D.N.Y. 2005); *Great Atlantic & Pacific Tea Co., Inc. v. Town of East Hampton, et al.*, 178 F.R.D. 39, 42-43 (E.D.N.Y. 1998). As discussed below, the United States satisfies all four requirements for intervention under Rule 24(a)(2).

### A. The United States' Motion is Timely

The United States' application to intervene is timely. The determination of timelines of a motion to intervene is within the discretion of the district court and is "'evaluated against the totality of the circumstances before the court.'" *D'Amato*, 236 F.3d. at 84 (quoting *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. and Markets*, 847 F.2d 1038, 1043-44 (2d Cir. 1988)). The circumstances considered include: "'(1) how long the applicant had notice of the interest before [making] the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.'" *Id.* (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) .

An analysis of these factors underscores the timely nature of the United States' motion to intervene. Plaintiff's amended complaint was filed September 10, 2009, approximately four months ago. Since that filing, the United States requested information from the District, reviewed that information, and conducted interviews. According to the Court's October 9, 2009 Pretrial Scheduling Order, discovery closes April 30, 2010 and dispositive motions are not due until June 30, 2010. The United States is filing its motion at the earliest practicable date. The United States also satisfied the second consideration under timeliness. There is no delay in filing that causes any prejudice to the parties. While the parties have engaged in settlement discussions, no settlement has been reached. The United States does not seek to disrupt any

progress that has been made toward settlement, but rather to ensure that the United States' interest in the enforcement of the Equal Protection Clause and Title IX is adequately represented in the litigation, which it would not be absent intervention as discussed more fully at *infra* II.C. and II.D. As an intervenor the United States would not seek to add parties or claims to this lawsuit, and it does not intend to ask the Court to deviate from the deadlines set forth in the current scheduling orders. Accordingly, the United States' presence in this litigation would not burden or prejudice the current parties in any legally cognizable manner.

The United States would be prejudiced if its motion to intervene is denied. The United States is intervening in this lawsuit to pursue the just application of Title IX to the circumstances underlying Plaintiff's lawsuit and to District students more broadly, and to enforce the Equal Protection Clause's prohibition on sex-based discrimination. The United States' interest is not adequately represented by Plaintiffs, who do not have standing to seek District-wide injunctive relief due to J.L.'s withdrawal from the District.

In sum, the United States has worked diligently and expeditiously to prepare its motion and complaint in this matter and the relevant circumstances support a finding that the application is timely.

B.  The United States Has a Legal Interest in the Litigation

The United States has a strong interest in ensuring that Districts do not discriminate on the basis of sex in violation of the Equal Protection Clause and Title IX. It has a further interest in ensuring that federal funds are not disbursed to entities that fail to comply with federal anti-discrimination laws. The United States plays a central role in the enforcement of the Equal Protection Clause and Title IX. Congress delegated to federal departments and agencies the authority to promulgate regulations to implement Title IX, and the responsibility to ensure that

recipients of federal funds comply with the statute and its regulations. *See* 20 U.S.C. § 1682. On numerous occasions the United States has intervened in lawsuits that present Title IX claims to vindicate these interests. *See*, *e.g.*, *Lopez v. Metro. Gov't of Nashville and Davidson County, et al.*, 3:07-cv-00799, Order Granting Intervention (M.D. Tenn. Nov. 4, 2008) (copy attached); *A.B. v. Rhinebeck Central Sch. Dist.*, 224 F.R.D. 144 (S.D.N.Y. 2004); *Hoffman v. South Dakota High School Activities Ass'n*, CIV 02-4127 (D.S.D. July 22, 2002) (copy attached); *Lovins v. Pleasant Hill Pub. Sch. Dist.*, No. 99-0550-CV (W.D. Mo. July 31, 2000) (copy attached).

### C. Potential Impairment of the United States' Interest

The United States has an interest in obtaining broad injunctive relief to protect all students in the District from violations of the Equal Protection Clause and Title IX. However, absent the United States' intervention, there is a great likelihood that this lawsuit could be resolved through a settlement agreement or other monetary disposition that does not compel the District to implement the institutional changes necessary to ensure that District students are protected from sex-based discrimination, including discrimination based on gender non-conformity in the future. The United States' interest would be significantly impaired by such a disposition.

Governmental entities have litigation interests that inherently differ from the interests of a private litigant because the government invariably intervenes to protect the interests of a broad constituency of citizens. *See Sierra Club v. Robertson*, 960 F.2d 83, 86 (8th Cir. 1992). Furthermore, the United States has an interest in ensuring that its enforcement of Title IX in subsequent matters is not undermined by adverse precedent generated in this case. *See United States v. Oregon*, 839 F.2d 635, 638 (9th Cir. 1988) ("[A] *stare decisis* effect is an important consideration in determining the extent to which an applicant's interest may be impaired."). As

9

the sole governmental enforcer of Title IX in the federal courts, the interests of the United States may be affected by the resolution of this litigation. Moreover, rulings of law made on the factual record in this case may have an impact on subsequent enforcement actions. A favorable disposition for the District could complicate not only the United States' efforts to obtain injunctive relief in the instant matter, but also its ability to prosecute future instances of unlawful discrimination in this judicial district.

    D.  The United States' Interest is Not Adequately Protected by the Parties

The considerations discussed above compel the conclusion that the existing parties to this lawsuit may not adequately represent the United States' interests – a separate but related precondition to intervention as of right under Rule 24(a)(2). *See Hoblock*, 233 F.R.D. at 97; *D'Amato v. Deutsche Bank*, 236 F.3d at 84. "An applicant for intervention as of right has the burden of showing that representation may be inadequate, although the burden 'should be treated as minimal.'" *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir.1978) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972).

The United States has a unique interest in enforcing federal law, which is an interest that only it can adequately represent. The United States has a significant interest in enforcing the dictates of the Constitution and in seeing that recipients of federal funds do not unlawfully discriminate. In situations where discrimination has occurred, the United States has an important interest in ensuring that such conduct is declared unlawful and enjoined and that appropriate remedies are implemented to prevent like discrimination in the future for all students, not just Plaintiff. Here, Plaintiff is not in a position to secure the injunctive relief necessary to protect the United States' interest in enforcing the Equal Protection Clause and Title IX in more than the individual circumstances surrounding Plaintiff. Because Plaintiff is no longer enrolled in a

District school, Plaintiff is likely to obtain only monetary relief and some individual remedial relief, and therefore the United States participation in the matter is critical to securing injunctive relief.  *See Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 989 F.2d 994, 1170 (8th Cir. 1993) (holding that where interests of existing party and the intervenor are "disparate, even though directed at a common legal goal, . . . intervention is appropriate").

The United States has an interest in District-wide relief for all District students, and must be a party to the litigation to enforce any future non-compliance with the Equal Protection Clause and Title IX.  The United States also seeks to monitor the District's compliance with the Equal Protection Clause and Title IX, and Plaintiff is not in a position to secure adequately broad reporting requirements that would compel the District to report on its compliance with the Equal Protection Clause and Title IX moving forward.

### III.    The United States Should Be Granted Permissive Intervention Pursuant to Rule 24(b).

Because this lawsuit is predicated in part on federal statutory claims, the Court may also grant the United States' motion to intervene pursuant to Rule 24(b).  Rule 24(b) states that:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(2)-(3).  Rule 24(b) further provides in part that "[o]n timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on  . . . a statute or executive order administered by the officer or agency."  *Id.*  Prior to the adoption of this explicit statutory authority, the Supreme Court held that the Government may have "a sufficient interest in the maintenance of its statutory authority and the

performance of its public duties to entitle [it] to intervention." *United States Realty*, 310 U.S. at 460.

This case raises important issues concerning the legal standards to be applied in actions enforcing federal civil rights laws. As noted above, the United States is not intervening in this lawsuit to add additional claims or join additional parties. Hence, its presence in this case should not prejudice the rights of the current parties to this lawsuit. Moreover, it is appropriate that the United States participate in such an action to ensure consistent development of the applicable legal standards.

## CONCLUSION

For the foregoing reasons, we respectfully request that the United States' Motion to Intervene be granted.


Respectfully submitted,


| | |
|---|---|
| RICHARD S. HARTUNIAN<br>United States Attorney<br>Northern District of New York | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| /s William F. Larkin<br>WILLIAM F. LARKIN<br>Assistant U.S. Attorney<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, NY  13261-7198<br>Phone:  (315) 448-0672<br>Fax:  (315) 448-0689<br>Bar Number: 102013 | AMY I. BERMAN<br>WHITNEY M. PELLEGRINO<br>AMANDA M. DOWNS<br>U.S. Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Ave, PHB Suite 4300<br>Washington, DC  20530<br>Phone:  (202) 616-9939<br>Fax:  (202) 514-8337 |

Dated:   January 14, 2010