UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK



U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

MAR 29 2010

LAWRENCE K. BAERMAN, Clerk
UTICA

J.L., a minor child, by his father and
natural guardian, ROBERT SULLIVAN,

                              Plaintiff,

**STIPULATION AND
SETTLEMENT
AGREEMENT**
Civil Case No.: 09-CV-943
(DNH/DEP)

MOHAWK CENTRAL SCHOOL DISTRICT;
JOYCE CAPUTO, Superintendent of Mohawk
Central School District; EDWARD RINALDO,
Principal of Gregory B. Jarvis Junior/Senior High
School; CYNTHIA STOCKER, Equal
Opportunity Compliance Officer,

                              Defendants.

WHEREAS, Plaintiff, a former student of the Mohawk Central School District by his father and natural guardian, brought this action on or about August 18, 2009, alleging claims under the Equal Protection Clause of the United States Constitution, Title IX of the Education Amendment of 1972, 20 U.S.C. § 1681, *et seq.*, and state law;

WHEREAS, the United States sought to intervene in this action;

WHEREAS, Defendants deny any liability arising from Plaintiff's allegations;

WHEREAS, the parties and the United States wish to resolve matters relating to Plaintiff's claims without the need for continued litigation over the claims set forth in the Amended Complaint or as to any defenses to those claims;

IT IS STIPULATED AND AGREED by and between the parties and the United States, and their respective counsel, that:

1

1.  Defendant Mohawk Central School District shall issue one check, payable to Robert Sullivan as trustee of the "J.L. ████ L████ 2010 Trust," in the amount of $50,000.00, as payment in full for all claims asserted by Plaintiff herein. Defendant Mohawk Central School District also shall issue one check, payable to the New York Civil Liberties Union Foundation (NYCLU) in the amount of $25,000.00, in full settlement of Plaintiff's claims for attorneys' fees. Said checks shall be delivered to Plaintiff's counsel no later than thirty (30) days following the execution of this agreement.

2.  Defendant Mohawk Central School District shall provide reimbursement for counseling services for Plaintiff J.L. These shall consist of counseling sessions with a licensed psychiatrist, psychologist, therapist, or social worker with specific training in lesbian, gay, bisexual, and transgender youth issues. Defendant Mohawk Central School District shall reimburse Plaintiff's documented expenses for counseling sessions, not to exceed one session per week and/or the sum of $100 per week, within thirty (30) days of receipt of an invoice prepared by the counselor. Defendant Mohawk Central School District shall be obligated to provide such payment for counseling services received through June 30, 2013.

3.  Defendant Mohawk Central School District shall retain an expert mutually agreed upon by the District, the NYCLU, and the United States in the area of the prevention of sex- and sexual orientation-based harassment in schools, for purposes of conducting a review of the District's policies and practices concerning the prohibition and prevention of discrimination and harassment in the District. That review shall include, but not be limited to: (1) a review of those policies that relate to the prohibition of discrimination and harassment based on sex, gender identity, gender expression, and sexual orientation; (2) an analysis of the practices and procedures associated with the implementation of those policies; and (3) an analysis of the *role of*

2

the District's Title IX officer with respect to the enforcement of the District's harassment and discrimination policies and procedures, including the Title IX officer's role in investigating and resolving complaints of harassment or discrimination based on sex, gender identity, gender expression, and sexual orientation.

4. Defendant Mohawk Central School District shall develop and implement a comprehensive dissemination plan for the policies and procedures referenced in paragraph 3 to ensure annual dissemination to all District staff, parents or guardians, and students affected by the policies.

5. Defendant Mohawk Central School District shall retain the services of an expert in the area of the prevention of sex- and sexual orientation-based harassment in schools to conduct annual training sessions, to be held at the Mohawk Central School District, for purposes of training and instruction of its staff in the prohibition of discrimination generally and with respect to the prohibition of discrimination and harassment based on sex, gender identity, gender expression, and sexual orientation. This instruction shall include an emphasis on the affirmative obligation of staff to identify and report potential incidents of discrimination, bullying, and harassment based on sex, gender identity, gender expression, and sexual orientation. Staff whose responsibilities include supervision of students will be directed to attend such training sessions.

6. Defendant Mohawk Central School District herewith stipulates that it has retained the services of the Anti-Defamation League to provide such training and instruction for staff and, to the extent deemed appropriate by the Anti-Defamation League, for students as well.

7. To document its compliance with the District's policies and procedures related to complaints of harassment or discrimination, Defendant Mohawk Central School District agrees to maintain records of its investigation of and response to each incident of alleged harassment or

3

discrimination perpetrated against any student, which shall be retained for at least five years from the date of the alleged events at issue. Such records shall include all documentation gathered during the course of the District's investigation and resolution processes, including, but not limited to documentation of complaints or allegations of harassment or discrimination, interview notes, discipline referrals, and documentation of complaint resolution.

      8.      Defendant Mohawk Central School District shall provide reports to Plaintiff's counsel at the NYCLU, and the United States, through its undersigned counsel, regarding its compliance with this agreement on June 30 of each year. From the entry of this agreement, or the date of the last compliance report, whichever is later, each compliance report shall include, but not be limited to: (1) current copies of the District's policies that prohibit discrimination and harassment in the District, indicating all changes to the policies and procedures; (2) a description of the training provided by the District and/or the agreed upon expert to the District's staff and students as described in paragraph 5, including the content of such training, materials disseminated or used in the training, and identification of those participating in the training; (3) a copy of the expert's recommendations regarding modifications to the District's harassment and discrimination policies, procedures, and practices; and (4) summaries of the reporting, investigation and resolution of complaints of discrimination and harassment based on sex and sexual orientation in the District. Such summaries will include, but shall not be limited to, identification of any complaints of discrimination or harassment based on sex or sexual orientation that the District receives, a description of the allegations in each such complaint, and a description of the actions taken by the District to respond to and resolve each such complaint. The NYCLU and the United States shall retain the right to review any records regarding the reported complaints of discrimination or harassment to the extent permitted by the Family

Education Rights and Privacy Act (FERPA).

9. The training component and reporting requirements outlined in paragraphs 5-8 shall remain in effect through June 30, 2013. Thereafter, no further reports shall be forwarded to the NYCLU or the United States. The District shall then be free to determine for itself the appropriate program for training and instructing of students and staff.

10. In conjunction with any press release regarding this agreement, the parties and the NYCLU shall issue the attached joint statement concerning the fact that the parties have mutually reached a settlement agreement and have worked cooperatively to resolve this matter. While it is recognized that the parties and their counsel may speak publicly concerning the settlement of this litigation, the parties and their counsel further agree that they will not make any statement or cause any statement to be made on their behalf to the press regarding the allegations of the Complaint and Amended Complaint filed in this action that would disparage, demean, or impugn the other parties to this agreement, nor shall either party or their counsel represent this agreement as an admission of wrongdoing on the part of any other party.

11. The United States agrees that it shall not represent this agreement as an admission of liability on the part of the District or any of the individual Defendants. The United States further agrees that in written public statements, the United States shall not identify individual District employees by name (*e.g.*, Jane Doe), but instead will use titles (*e.g.*, principal) or the Mohawk Central School District to refer to the Defendants in this litigation.

12. In consideration of this settlement agreement, Plaintiff shall voluntarily dismiss with prejudice, by Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), this action against Defendants Mohawk Central School District, Joyce Caputo, Edward Rinaldo, and Cynthia Stocker. Said Stipulation of Dismissal shall be filed with the Court no later than thirty

(30) days from the date of the execution of this agreement. It is understood and agreed that the dismissal of the action as to the individual Defendants shall be complete and unconditional and they shall not have any individual responsibility to carry out any of the requirements of this agreement, except (to the extent applicable) as employees of Defendant Mohawk Central School District.

13. Plaintiff shall release and forever discharge Defendants Mohawk Central School District, Joyce Caputo, Edward Rinaldo, and Cynthia Stocker, the Board of Education of the Mohawk Central School District, its employees and agents, from all actions, causes of action, suits, debts, sums of money, controversies, trespasses, claims and demands whatsoever in law or in equity, including claims for attorneys' fees, which Plaintiff may have had, have now, or at any time in the past held, up to the date of this release, that are or should have been known to Plaintiff. It is also understood and agreed that this settlement agreement shall be executed by Robert Sullivan, as parent and natural guardian of Plaintiff J.L., a minor child, and it is further represented and warranted that Robert Sullivan has the legal capacity and authority to execute said settlement agreement on behalf of the minor child J.L., and to fully settle and resolve all claims against the above-named persons and/or entities.

14. In consideration of this settlement agreement, the United States shall voluntarily withdraw its Motion to Intervene with prejudice. The United States shall notify the Court of this withdrawal no later than thirty (30) days from the date of the execution of this agreement. It is understood and agreed that the withdrawal of the action as to the individual Defendants shall be complete and unconditional and they shall not have any individual responsibility to carry out any of the requirements of this agreement, except (to the extent applicable) as employees of Defendant Mohawk Central School District.

6

15. This settlement agreement is a compromise of disputed claims. It is not to be construed as an admission of liability on the part of any named person herein, including the Mohawk Central School District, its officers, Board of Education members, employees, or agents, including but not limited to Joyce Caputo, Edward Rinaldo, and Cynthia Stocker. The settlement agreement is not be construed as an admission of liability on the part of any of the above-named persons nor is it an admission that any individual included herein took any unlawful, wrongful act, or that it or their conduct in any way violated a state, federal, or local law, rule, or regulation.

16. The parties hereto and the United States agree that this stipulation contains the final and complete understandings between the parties and the United States, and that the terms herein are contractual, and that those terms supersede all prior agreements and understandings, whether written or oral.

17. The parties and the United States further agree that this stipulation of settlement shall be construed in accordance with the laws of the State of New York, and that its provisions shall be enforceable in the nature of a contract under state law. If any provision of this agreement shall, for any reason, be held to be invalid or unenforceable, such invalidity or unenforceability shall not affect or impair any other provision of this agreement, but it shall be construed as if the invalid or unenforceable provision had never been contained in the settlement agreement. Further, to the extent there are any future disputes regarding compliance with this agreement, the parties and the United States first shall work in good faith to resolve the issues amicably before seeking resolution in court.

18. Plaintiff J.L., by and through his father, Robert Sullivan, is represented by counsel of his choosing, namely lawyers employed by the NYCLU. Plaintiff acknowledges that he has

read this settlement agreement and that he understands its terms and provisions. Plaintiff further acknowledges that he, through his father Robert Sullivan, has executed this agreement freely and voluntarily, with full understanding of the consequences of the execution of this agreement.

19. This agreement shall be binding upon Plaintiff J.L., by and through his father Robert Sullivan, and upon J.L.'s heirs, successors, assigns, and legal representatives, and the United States, through its undersigned counsel. This agreement also shall be binding upon the Mohawk Central School District and its agents, employees, successors, and assigns.

20. Plaintiff J.L., by and through his father Robert Sullivan, acknowledges and understands that the compensation provided for herein is the sole and exclusive compensation to which he shall be entitled under the terms of this agreement. Plaintiff further agrees and acknowledges that he shall not be entitled to any additional form of compensation or assistance from the Mohawk Central School District in connection with this litigation.

21. All parties herein and the United States understand and agree that each has not relied upon any representation or statement made by any other party or the employees, agents, or attorneys of that other party, except as expressly set forth herein.

22. **IN WITNESS WHEREOF**, the parties hereto and the United States have caused this settlement agreement, consisting of eleven (11) pages, including the signature pages, to be duly executed on the date indicated below.

23. The parties and the United States further acknowledge that this settlement agreement is not valid until it has been approved by the United States District Court for the Northern District of New York.

*Robert Sullivan* (signature)

J.L., by his father, **Robert Sullivan**

State of New York      )
County of _Herkimer_   ) ss.:

On the _24_ day of March 2010 before me, the undersigned, personally appeared **Robert Sullivan**, **who is** personally known to me or proved to me on the basis of satisfactory evidence to be the individual who executed this instrument, and that by his signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

_Marie K. Hennings_ (signature)
Notary Public

MARIE K. HENNINGS
Notary Public in the State of New York
No. 4833402
Registered in Herkimer County
My Commission Expires _08/31/2013_

_____
Joyce Caputo, Superintendent,
Mohawk Central School District

State of New York )
County of _Herkimer_ ) ss.:

On the _9th_ day of ~~February~~ _March_ 2010 before me, the undersigned, personally appeared **Joyce Caputo**, who is personally known to me or proved to me on the basis of satisfactory evidence to be the individual who executed this instrument, and that by her signature on the instrument, the individual, or the person upon whose behalf the individual acted, executed the instrument.

_____
Notary Public

Eric J. Wilson
Notary Public, State of New York
Qualified in Onon. Co. No. 02WI6112951
Commission Expires July 19, 20_12_

*[signature: Corey S.]*

Corey Stoughton, Esq.
Matthew Faiella, Esq.
Naomi R. Shatz, Esq.
Senior Staff Attorney
New York Civil Liberties Union Foundation
125 Broad St., 19th Floor
New York, NY 10004
Phone: (212) 607-3366
Fax: (212) 607-3329

*[signature: Frank W. Miller]*

Frank W. Miller, Esq.
The Law Firm of Frank W. Miller
6575 Kirkville Road
East Syracuse, NY 13057
Phone: (315) 234-9900
Fax: (315) 234-9908

*[signature]*

Amy I. Berman, Esq.
Whitney M. Pellegrino, Esq.
Amanda M. Downs, Esq.
U.S. Department of Justice
Civil Rights Division
Educational Opportunities Section
950 Pennsylvania Ave, PHB Suite 4300
Washington, DC 20530
Phone: (202) 616-9939
Fax: (202) 514-8337

SO ORDERED AND APPROVED

*[signature]*

The Hon. David N. Hurd
United States District Court, Northern District of New York

March 29, 2010
Utica, N.Y.

## JOINT STATEMENT OF THE PARTIES ON SETTLEMENT OF THE *J.L. v. MOHAWK CENTRAL SCHOOL DISTRICT* LITIGATION

The Mohawk Central School District and a former student of the school district today jointly announced the settlement of a federal civil rights lawsuit filed last August.

The 15-year-old student alleged in the lawsuit that the school district was deliberately indifferent to harassment based on sex and sexual orientation and failed to take steps to protect him from it. The Justice Department had sought to intervene in the case on behalf of the student. The school district has denied the allegations and today's settlement does not constitute an admission of liability or wrongdoing by the school district or any of its employees.

As part of the settlement, the school district agreed to undertake several measures designed to prevent and address harassment based on sex, gender identity, gender expression and sexual orientation. The school district also agreed to keep the New York Civil Liberties Union, who represented the student in the lawsuit, and the Justice Department informed of these efforts as well as its ongoing response to complaints of discrimination and harassment. The student has agreed to dismiss the lawsuit against the school district and its employees, and the Justice Department agreed to withdraw its motion to intervene.

With these changes, the school district and the NYCLU look forward to working together, along with the Justice Department, and hope that the Mohawk Central School District can serve as a model for other school districts confronting issues of bullying and intolerance of lesbian, gay, bisexual, transgender, and gender non-conforming students.